TIMOTHY COURCHAINE
United States Attorney
District of Arizona
RUI WANG
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: rui.wang@usdoj.gov
Attorneys for Plaintiff



☒ FILED    ☐ LODGED

**Oct 1 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

　　　　Plaintiff,

　　vs.

Uriel Christopher Jimenez-Morelos,

　　　　Defendant.

CR 25-4207-TUC-EJM

Mag. No. 25-mj-6718-EJM

PLEA AGREEMENT

(Misdemeanor)

The parties enter into the following agreement:

1.　　Defendant will enter a plea to the Information charging him with Assault on a Federal Officer, a Class A misdemeanor offense, in violation of 18 U.S.C. § 111(a). This plea will occur no later than the time set for the pre-indictment status conference.

2.　　The government will dismiss the complaint, charging the defendant with Assault on a Federal Officer, a felony, in violation of Title 18, United States Code, Section 111(a), and Entering the United States at an Improper Time or Place, a misdemeanor, in violation of 8 U.S.C. § 1325(a)(1). The felony charge, if proven, carries a maximum sentence of eight years imprisonment, a fine of $250,000, three years supervised release, and a $100 special assessment. The misdemeanor charge, if proven, carries a maximum sentence of 6 months imprisonment, a fine of $5,000, and a $10 special assessment. The government will dismiss the complaint at the time of sentencing.

3.　　The elements of Assault on a Federal Officer, misdemeanor, are as follows:

/ /

a.  The defendant forcibly assaulted a federal officer;

b.   The defendant did so while the federal officer was engaged in, or on account of, his official duties;

4.   The maximum penalty for the offense to which the defendant is pleading guilty is one (1) year in custody, a $100,000 fine, and a $10 special assessment.

5.   Pursuant to this plea agreement and Fed. R. Crim. P.11(c)(1)(C), the government and the defendant stipulate and agree to a sentence of **120 days** of imprisonment.  Defendant is to receive credit for all time he/she has served to date and shall be deducted from the stipulated sentence. The government and the defendant reserve the right to withdraw from this agreement if the sentence is less or more than 120 days.

6.   The parties waive a Pre-Sentence Investigation Report and agree that sentencing will occur ~~at a later date~~ in order to comply with the Crime Victims' Rights Act (CVRA).

7.   The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty.  Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that the defendant has discussed this eventuality with their attorney. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

8.   The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

9.    Provided the defendant receives a sentence consistent with this agreement that does not exceed the statutory maximum or any stipulated sentence, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, and any sentencing guideline determinations.

The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).

The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the defendant's conviction or sentence in this case.  If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

10.    Waiver of Rights: I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.  I have discussed

- 3 -

1   the case and my constitutional and other rights with my attorney.  I understand that by

2   entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury;

3   to confront, cross-examine, and compel the attendance of witnesses; to present evidence in

4   my defense; to remain silent and refuse to be a witness against myself by asserting my

5   privilege against self-incrimination; all with the assistance of counsel; to be presumed

6   innocent until proven guilty beyond a reasonable doubt; and to appeal, except for the right

7   to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the

8   denial of such a motion.

9       I agree to enter my guilty plea as indicated above on the terms and conditions set

10  forth in this agreement.

11      I have been advised by my attorney of the nature of the charge to which I am entering

12  my guilty plea.  I have been advised by my attorney of the nature and range of the possible

13  sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the

14  sentence the court imposes.

15      My guilty plea is not the result of force, threats, assurances or promises other than

16  the promises contained in this agreement.  I agree to the provisions of this agreement as a

17  voluntary act on my part, rather than at the direction of or because of the recommendation

18  of any other person, and I agree to be bound according to its provisions.

19      I agree that this written plea agreement contains all the terms and conditions of my

20  plea and that promises made by anyone (including my attorney) that are not contained

21  within this written plea agreement are without force and effect and are null and void.

22      I am satisfied that my defense attorney has represented me in a competent manner.

23      I am not now on or under the influence of any drug, medication, liquor, or other

24  intoxicant or depressant, which would impair my ability to fully understand the terms and

25  conditions of this plea agreement.

26      11.    Factual Basis for Plea:

27  On or about September 10, 2025, at or near Choulic, in the District of
    Arizona, I, Uriel Christopher Jimenez-Morelos, did forcibly assault Border
28  Patrol Agent R.C. by swinging my fist at Agent R.C.'s face. At the time of

- 4 -

the assault, Agent R.C. was a federal officer engaged in official duties.

_10/1/25_
Date

_Uriel Christopher Jimenez-Morelos_
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

_10/1/25_
Date

_Dmitry Kashtelyan, AFPD_
Attorney for Defendant

### GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

_10/1/25_
Date

_Assistant U.S. Attorney_

- 5 -